**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Ohio Right to Life Society, Inc.,**

      **Plaintiff,**

**-v-**                                          **Case No.: 2:08-cv-00492
JUDGE SMITH
Magistrate Judge Deavers**

**Ohio Elections Commission,** *et al.***,**

      **Defendants.**

## CONSENT DECREE

Plaintiff, Ohio Right to Life Society, Inc. ("ORTL") has brought this action against the Ohio Elections Commission ("OEC"), the individual members of the OEC, and Jennifer Brunner, Ohio's Secretary of State ("Ohio's Secretary of State").

The Parties have determined that the issues expressly set forth in this Consent Decree are severable from the other issues that remain pending in this case.  In addition, the Parties have agreed that there is no just reason for delay in entering final judgment as to the issues and claims se forth in this Consent Decree.

The parties also agree that:  (i) there is no need for further litigation as to the issues and claims set forth in this Consent Decree; and, (ii) the parties agree to the jurisdiction of the Court over the parties and the subject matter of this action, pursuant to 28 U.S. §§ 1331, 1343 and 42 U.S. § 1983 with respect to the issues set forth in this Consent Decree.

Subject to this Court's approval of this Decree, and subject to the continuing validity of this Decree, if it or its terms are challenged in any other court, the parties waive a hearing and findings of fact and conclusion of law on the issues specifically set forth in this Decree.  The parties also agree that this Decree is final and binding among and between themselves, as to the

claims and issues specifically set forth in this Consent Decree.

This Decree, being entered with the consent of the parties, shall not be construed as an admission by the Defendants of any wrongdoing or violation of the United States Constitution or of any applicable state or federal law or regulation.

Thus, in resolution of the issues expressly set forth in this Consent Decree, the parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

**DECLARATIVE AND INJUNCTIVE RELIEF.**

When R.C. § 3517.1011(H) and R.C. § 3517.01(B)(6) are read together, the Court and parties agree that the statutes, are unconstitutional, to the extent that they prohibit a corporation from using its corporate treasury dollars, or a labor organization from using its treasury dollars to independently pay for any broadcast, cable, or satellite communication that refers to a "clearly identified candidate", as defined in R.C. § 3517.1011, during the thirty days preceding a primary election or thirty days preceding a general election.

The Court and the Parties agree that R.C. § 3599.03(A) is unconstitutional to the extent that it prohibits a corporation or labor organization from using the corporation's money or property, or a labor organizations money or property, to make independent expenditures for or in aid of candidate elections in Ohio.

Accordingly, the Court grants preliminary and permanent injunctive relief prohibiting defendants from enforcing these statutes in connection with any independent expenditure by corporations or labor unions in the manners noted above.

**SPECIFICALLY RESERVED ISSUES AND CERTIFICATION.**

A.  This Consent Decree does not apply to any issues as to which the parties have not

specifically agreed in this Consent Decree.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　*/s/ George C. Smith*
　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**