UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ohio Right to Life Society, Inc.,**

        Plaintiff,

-v-                                         Case No.: 2:08-cv-00492
                                                     JUDGE SMITH
                                                     Magistrate Judge Deavers

**Ohio Elections Commission,** *et al.***,**

        Defendants.


### ORDER

This matter is before the Court on Plaintiff Ohio Right to Life Society, Inc.'s ("OR Objections to the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Attorneys' Fees an Costs (Doc. 115). Plaintiff requested approximately $352,000 in attorneys' fees and costs. Defendants opposed Plaintiff's Motion, asking the Court to deny or significantly reduced the fee award. (*See* Docs. 89 and 113). The Magistrate Judge recommended that Plaintiff be awarded a total of $19,520.62 in attorneys' fees and costs. The Objections are fully briefed and ripe for disposition. For the reasons that follow, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

The procedural and factual background of this case is set forth in detail in the Magistrate Judge's Report and Recommendation, as well as prior decisions of this Court. (*See* Docs. 40, 79, 83, and 114). The background need not be repeated for purposes of this Order, but is hereby

incorporated by reference herein.

If a party timely objects to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff argues that the Magistrate Judge misapplied the applicable law with respect to attorneys' fees awards under 42 U.S.C. § 1988; that the Magistrate Judge failed to recognize the substantial nature of the relief obtained by ORTL; and that generally the total amount of fees sought are reasonable. Further, Plaintiff objects to the Magistrate Judge's recommendation to deny $2,491.33 of expenses incurred in this case.

The Magistrate Judge correctly outlined the applicable law with respect to attorneys' fees awards. Specifically, pursuant to 42 U.S.C. § 1988, in certain civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *See* 42 U.S.C. § 1988(b); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Despite acknowledging that the standard is discretionary, Plaintiff argues that the Court must award attorneys' fees. Plaintiff, however, fails to acknowledge that the Court is awarding some fees. Plaintiff bears the burden of showing that it is entitled to the amount of fees requested, and Plaintiff simply has failed to do so. The Magistrate Judge's application of the law, given the limited relief obtained by Plaintiff, is appropriate.

Next, Plaintiff challenges the overall reduction in fees awarded, arguing that the Magistrate Judge failed to recognize the substantial nature of the relief obtained by ORTL.

Plaintiff may not agree with the Magistrate Judge's findings, but she did recognize the relief obtained by ORTL.  Specifically, the Magistrate Judge noted that Defendant conceded the relief obtained at each stage of the litigation.  The Magistrate Judge correctly concluded that the "vast majority of the 780.75 hours expended were unrelated to its pursuit of the successful claims." (Doc. 114 at 32-33).  Additionally, the ninety-percent reduction is also attributed to Plaintiff's counsel's failure to properly exercise billing judgment by lumping billing entries and utilizing vague descriptions, as well as billing for hearings that never occurred.

  The Court agrees with the Magistrate Judge's rationale behind the ninety-percent reduction.  Further, the Court agrees that an across-the-board reduction is the best way to account for the lack of billing judgment and insufficient documentation provided by Plaintiff's counsel.  Nonetheless, the Court has carefully considered Plaintiff's arguments that it should be entitled to more based on the success it achieved in this case and finds that the overall reduction in fees should be 85% as opposed to the 90% reduction applied in the Report and Recommendation.  The Court finds that this reduction is reasonable in light of the partial success achieved by Plaintiff and the other billing errors set forth in detail in the Report and Recommendation.

  Finally, Plaintiff sought a total of $2,651.53 for costs and expenses incurred during the course of the litigation.  Plaintiff objects that it should be given an opportunity to provide documentation to substantiate the expenses.  However, despite Plaintiff's reliance on *Bell v. Prefix, Inc.*, 2013 WL 323005 (6th Cir. Jan. 29, 2013), in support of this argument, the Sixth Circuit did not hold that a plaintiff must be given the opportunity to clarify ambiguous bills of costs.  Plaintiff had several opportunities to provide a detailed explanation of costs, in its original

submission, its supplemental memorandum and even in the objections. Had Plaintiff provided some additional documentation or explanation in the objections, rather than merely arguing it is entitled to submit additional documentation, the Court would have considered it.

Having conducted a de novo review, and after considering the objections to the Order and Report and Recommendation, this Court concludes that the Magistrate Judge's overall reasoning is correct. The Court adopts the Magistrate Judge's Report and Recommendation with the exception of changing the across-the-board reduction of fees from 90% to 85%. Therefore, of the total 780.75 hours claimed on this litigation, less the 17.75 paralegal hours and the entry for 1.5 hours that was stricken, the recalculated hours of attorney work are 761.50 hours. Applying the across-the-board reduction of 85% results in a total of 114.23 attorney hours and 2.66 hours of paralegal time. Applying these reductions under the lodestar method of computation (multiplying those recalculated hours by the hourly rates of $250 and $75 respectively) results in $28,757 in fees. Adding the $350 in expenses brings the total award of attorneys' fees and costs under § 1988 to $29,107.

The Court therefore **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's Objections (Doc. 115). Defendants shall pay the award of attorneys' fees and costs totaling $29,107 to the law firm of Benesch, Friedlander Coplan & Aronoff LLP and shall notify Plaintiff's counsel, Mr. Bill Todd upon payment.

The Clerk shall remove Documents 85 and 114 from the Court's pending motions list.

    **IT IS SO ORDERED.**

                                        */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**